FILED
AUG 09 2013
CIRCUIT COURT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

PAMELA HILL, ADAM HILL, and
DYLAN HILL,

    Plaintiffs,

v.

OLD NAVY, LLC and FOX TELEVISION STATIONS, INC.
d/b/a WHBQ-TV FOX CHANNEL 13 MEMPHIS,

    Defendants.

CT - 003441-13 Div 5

JURY DEMANDED

## COMPLAINT

Plaintiffs, Pamela Hill, Dylan Hill and Adam Hill, for their complaint against Defendants Old Navy, LLC and Fox Television Stations, Inc. d/b/a WHBQ-TV Fox Channel 13 Memphis, respectfully state as follows:

### PARTIES

1.    Plaintiffs Pamela Hill, Adam Hill, and Dylan Hill ("Plaintiffs") are adult resident citizens of Brighton, Tennessee.

2.    The defendant, Old Navy, LLC ("Old Navy"), is a Delaware Non-Profit corporation doing business in Tennessee and its registered agent for service of process in Tennessee is C. T. Corporation System, 800 S Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3.    The defendant, Fox Television Stations, Inc. ("Fox"), is a Delaware Non-Profit corporation doing business in Tennessee and its registered agent for service of process in Tennessee is C. T. Corporation System, 800 S Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to Tennessee law, including Tenn. Code Ann. §§ 16-10-101 and 16-11-102.

5. Venue is proper in this Court as Defendants are located in Shelby County, Tennessee and the facts alleged in this action occurred in Shelby County, Tennessee.

6. The parties are subject to the personal jurisdiction of this Court, pursuant to Tenn. Code Ann. § 20-2-223 because Defendants transact business in Tennessee, provide services or things in Tennessee and because the tortious conduct alleged herein occurred in Tennessee.

## FACTS

7. On or about February 9, 2013, Mrs. Hill and her son, Dylan, visited Old Navy's retail store, located at 8085 Giacosa Place, Memphis, TN, to purchase some items.

8. Upon selecting the items for purchase, Plaintiffs Pamela and Dylan Hill proceeded to the checkout to pay for the items with a personal check.

9. The cashier or store clerk requested Mrs. Hill's identification, which she provided.

10. The store clerk then examined the drivers' license, purported to process the check, and provided Mrs. Hill with a receipt for the $40.42 purchase (the "transaction").

11. Upon receiving the receipt for the purchased items, Mrs. Hill and her son exited Old Navy's store.

12. On February 14, 2013, Mrs. Hill arrived to work at St. Francis Hospital and was confronted by multiple co-workers who informed her that they had seen images of her and her son on the "Crime Stoppers" segment of the local news on TV.

13. After being confronted by multiple co-workers, Mrs. Hill watched the "Crime Stoppers" news story on the internet and learned that her and her then minor son's images had been published and broadcasted on television and on the internet in conjunction with an erroneous accusation of check forgery.

14. The news story read:

*Old Navy Forgery – Caught on Camera Stinger: Memphis police need you help finding this woman, wanted for forging checks. Investigators said the woman went to the Old Navy store in the eight thousand block of Giacosa Place with forged checks Monday. If you know anything, call Crime Stoppers at 901 538 CASH.*

15. Mrs. Hill was shocked, embarrassed, humiliated, and horror stricken upon viewing the video and hearing the report; she became emotionally distraught, began to cry and became nauseous.

16. Mrs. Hill was asked to leave the hospital to get her affairs in order; however, she was so overcome with emotion to that a co-worker left work to drive Mrs. Hill to the bank to see if Mrs. Hill's identity had been stolen.

17. While in transit to the bank, a police vehicle pulled behind the vehicle in which Mrs. Hill was traveling causing Mrs. Hill anxiety and emotional distress because she was wanted for forgery.

18. Mrs. Hill confirmed with her bank that nothing was unusual with her bank account.

19. Mrs. Hill's co-worker then contacted a relative who was a Memphis Police Officer to try to get an explanation. The Memphis Police Officer reported that Mrs. Hill must come downtown and get processed.

20. While investigating the matter, Mrs. Hill discovered that the account number on her check and the account number on the Old Navy receipt differed by one digit.

21. Ultimately, Mrs. Hill spoke with the police, described what she discovered, and the police ordered her to report to the Economic Crimes Unit at the Memphis Police Department the following day.

22. When Mrs. Hill arrived home that evening she turned on her television and the "Crime Stoppers" video of her and her son played on the news.

23. Mrs. Hill then had to explain the situation to her son, who was a minor at the time, and spent that evening responding to phone calls and text messages from friends who had seen her and her minor son on the news.

24. Mrs. Hill and her husband cancelled their Valentine's Day plans as a result of her being portrayed on the news as a wanted criminal.

25. Mrs. Hill did not sleep that night, but spent the night crying, becoming ill, dreading going to the police station, and wondering whether she would be arrested and thrown in jail.

26. Mrs. Hill nervously reported to the Memphis Police Headquarters the following morning and met with the detective assigned to her case (hereinafter "Detective Pritt"). After explaining the situation and providing the receipt to Detective Pritt, Detective Pritt contacted Old Navy and was informed that Old Navy's e-check system was error proof. As a result of the investigation, Detective Pritt closed his file on Plaintiffs' case and released Mrs. Hill.

27. In the ensuing days and weeks, Mrs. Hill continued to be confronted by acquaintances, co-workers, friends, and family members who had seen Mrs. Hill and her son on the television and internet as a result of Old Navy's error.

28. Mrs. Hill and Dylan Hill's image were displayed on "Crime Stoppers" and on the following television stations: WLMT-CW Channel 30, WMC-NBC Channel 5, WPTY-ABC Channel 24, WHBQ-FOX Channel 13.

29. The news story and accompanying video of Mrs. Hill and her then minor son aired morning, noon, evening, and night, to the entire Mid-South viewing audience, including parts of Tennessee, Arkansas, Mississippi, Kentucky, and Missouri. In addition to television, the news story and images were also posted on the internet via the news station websites, Facebook, and twitter. Furthermore, based upon a review of the networks' Facebook pages, it is likely that more than one hundred thirty thousand (130,000) people likely received notification of the story via email.

30. At transcript of one of the WHBQ-FOX newscast reads, in part, as follows:

*Two thieves are caught on camera, forging a check to steal some clothes. This is video of the duo at Old Navy on Giacosa Place. Investigators say they created and forged a check under another woman's identity. They then used the check to pay for merchandise from the store.*

31. Fox never ran a retraction of their outrageous statements. Old Navy made no effort to retract its statement about Mrs. Hill and her son.

COUNT I AGAINST OLD NAVY– NEGLIGENCE

32. Paragraphs 1 through 31 hereinabove are restated herein by reference as if fully set forth herein.

33. Defendant Old Navy, through the actions of its sales associate and/or its electronic check processing system, negligently and recklessly processed Mrs. Hill's personal check when she purchased certain items from Old Navy's retail store.

34. As a result of Old Navy's negligent acts, Mrs. Hill and her son were wrongfully accused of theft and check forgery and their images were broadcasted and published on multiple

television stations and internet websites, which caused Mrs. Hill and her son to suffer personal injuries and damage to their reputations.

35. Old Navy has a duty to its customers to correctly process its customer's payments made for in-store purchases. Old Navy had this same duty to correctly process the personal check Mrs. Hill used to purchase items from Old Navy's retail store.

36. Old Navy breached its duty to Mrs. Hill when it failed to properly process her personal check. Old Navy's sales associate and/or its electronic check processing system incorrectly entered the wrong account information from Mrs. Hill's personal check, thus resulting in charges to the wrong person's checking account for Mrs. Hill's purchases at Old Navy's retail store.

37. After being contacted about the charges made against the wrong account, Old Navy failed to properly investigate, but instead wrongfully and negligently accused Mrs. Hill and her son of theft and check forgery and subsequently sent their images to the police and, ultimately to media outlets in and around the Memphis and the entire Mid-South area.

38. As a direct and proximate cause of Old Navy's negligent processing of Mrs. Hill's personal check and its negligent and reckless release of unsubstantiated information, Mrs. Hill and her son endured public humiliation, embarrassment, and ridicule, which caused them to suffer personal injuries and significant damage to their previously good reputations for which they are entitled to recover compensatory and punitive damages as determined by a jury.

## COUNT I AGAINST FOX-NEGLIGENCE

39. Fox had a duty to fully investigate and accurately report the news. Fox had this same duty with regard to the information it received about Mrs. Hill and her son.

40. Fox breached its duty when it negligently and recklessly broadcasted and published erroneous information about Mrs. Hill and her son claiming that they were "thieves" engaged in "stealing clothes by forging checks."

41. Fox failed to investigate Old Navy's claim and ultimately broadcasted and published erroneous information about Mrs. Hill and her son to the general public.

42. As a direct and proximate cause of Fox's negligent and erroneous broadcasts and publications, Mrs. Hill and Dylan Hill suffered personal injury and injury to their reputations for which they are entitled to recover compensatory and punitive damages as determined by a jury.

43. After the allegations against Mrs. Hill and her son were proven to be in error, Fox failed to retract its statements that Mrs. Hill and her son were "thieves" who "forged" a check to "steal some clothes."

## COUNT II – DEFAMATION/LIBEL

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45. The acts of Defendants as set forth herein are libelous and libelous *per se* and defamed Mrs. Hill and her son, causing them to suffer personal injuries and injuries to their reputations for which they are entitled to recover compensatory damages as determined by a jury.

46. Defendant Old Navy's negligent, careless, and reckless conduct in processing Mrs. Hill's personal check and in its false accusations of Mrs. Hill and her son resulted in the television and internet publication of untruthful defamatory statements asserting that Mrs. Hill and her son had committed a crime. Additionally, Old Navy failed to correct the erroneous, libelous and untrue statements pertaining to Mrs. Hill after the allegations were proven to be false.

47. Defendant Fox negligently, carelessly, and recklessly broadcasted untruthful defamatory statements asserting that Mrs. Hill and her son were thieves and guilty of check forgery during its news reports on television and it also published and broadcasted the same defamatory statements and information on the internet. Fox refused and/or failed to broadcast or publish a retraction after the accusations against Mrs. Hill and her son were shown to be false.

48. In its defamatory broadcast, Fox asserted that Mrs. Hill and her son were "two thieves" that were "caught forging a check to steal some clothes." Fox broadcasted and published this erroneous information with reckless disregard as to whether the statements were false.

49. Because of the Defendants' libelous and defamatory acts, friends, family, cow-workers and acquaintances have confronted Plaintiffs on numerous occasions regarding the untruthful defamatory statements broadcasted and published on the television and internet.

50. As a result of Defendants' reckless and negligent conduct, Mrs. Hill and her son have been publicly humiliated and ridiculed and have suffered injuries to their personal reputations. In addition to being personally and publically ridiculed and humiliated, Mrs. Hill and her son have suffered from severe emotional distress including physical symptoms such as nausea and sleeplessness.

51. Because of Defendants' tortious conduct and their subsequent failure or refusal to correct or retract the untruthful defamatory statements about Mrs. Hill and her son, Plaintiffs are entitled to recover punitive damages pursuant to T.C.A. § 29-24-103 and T.C.A. § 29-24-104 as determined by a jury.

## COUNT III – FALSE LIGHT INVASION OF PRIVACY

52. Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

53. Defendants' reckless and negligent acts placed Mrs. Hill and her son in a false light and caused a false light invasion of Mrs. Hill and her son's privacy.

54. Defendants negligently and recklessly broadcasted and published false information to the public, which placed Mrs. Hill and her son in a false light. Defendants recklessly and with reckless disregard as to the falsity of the matter they were publicizing claimed that Mrs. Hill and her son were thieves and that they engaged in check forgery to steal clothes from Old Navy.

55. Defendants actions cast Mrs. Hill and Dylan Hill in a false light which was and is highly offensive to any reasonable person.

56. Defendants committed the tort of false light invasion of privacy and as a direct and proximate cause of their wrongful acts against Mrs. Hill and her son, they caused Mrs. Hill and her son to suffer mental and emotional distress and other special damages which they are entitled to recover.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Paragraphs 1 through 56 are incorporated by reference as if fully set forth herein.

58. Plaintiffs allege that the aforementioned wrongs constitute intentional infliction of emotional distress. Defendants' acts and omissions were done with reckless disregard of the probability that they would cause Plaintiff's severe emotional distress.

59. Defendants' reckless acts are so outrageous in character, and so extreme in degree, as to be beyond the pale of decency and to be regarded as atrocious and utterly intolerable in civilized society, thereby resulting in severe emotional, mental, and physical

injuries entitling Mrs. Hill and her son to recover compensatory and punitive damages to be determined by a jury.

### COUNT V—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Paragraphs 1 through 59 are incorporated by reference as if fully set forth herein.

61. The aforementioned wrongs constitute negligent infliction of emotional distress. Defendants failed to exercise due care in their broadcast and publication of information about Mrs. Hill and her son when they falsely accused them of committing a crime.

62. Defendants' negligent acts related to the publication and broadcasting to the public false information about Mrs. Hill and her son ultimately caused Plaintiffs' severe emotional distress.

### COUNT VI—LOSS OR CONSORTIUM

63. Paragraphs 1 through 62 are incorporated by reference as if fully set forth herein.

64. Plaintiff Adam Hill is entitled to recover loss of consortium damages for the loss of services of his wife as a result of the Defendants' conduct.

### DAMAGES

65. Paragraphs 1 through 64 are incorporated by reference as if fully set forth herein.

66. As a direct and proximate result of the wrongful acts set forth hereinabove by the Defendants and each of them, Plaintiffs Pamela Hill and Dylan Hill were injured in their person and in their personal reputation.

67. As a direct and proximate result of the false, malicious and libelous information broadcasted and published by Defendants, Plaintiffs suffered embarrassment, humiliation, and

severe psychological, emotional, and mental trauma, and damage to their personal reputations, loss of income, and other compensatory damages in an amount to be determined by a jury.

68.     Plaintiff Adam Hill is entitled to recover loss of consortium damages for the loss of services of his wife as a result of the Defendants' conduct.

WHEREFORE, Plaintiffs sue the Defendants, jointly and severally, individually and by imputation for:

1. Compensatory damages in the amount of $250,000.00;
2. Punitive damages in the amount of $250,000.00;
3. Court costs, discretionary costs, and such other relief to which Plaintiffs are entitled.
4. Plaintiffs request a trial by jury.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, P.L.L.C.

By: _____
J. Matthew Kirby, No. 21556
Cheyne W. Harris, No. 31149
One Commerce Square, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455 Telephone
(901) 526-4084 Fax
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Counsel for the Plaintiff certifies that he has this the 9th day of August, 2013, mailed a true and correct copy of the foregoing to:

Russell E. Reviere
Attorney for Defendant, Old Navy, LLC
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147

Fox Television Stations, Inc.
c/o CT Corporation System (Reg. Agent)
Suite 2021
800 S. Gay St.
Knoxville, TN 37929-9710

_____
J. Matthew Kirby

11

# Harris Shelton Hanover Walsh, PLLC
ATTORNEYS AT LAW

J. MATTHEW KIRBY

One Commerce Square
40 S. Main Street, Suite 2700
Memphis, Tennessee
38103-5527

Telephone 901-525-1455
Fax 901-526-4084
mkirby@harrisshelton.com
www.harrisshelton.com

August 9, 2013

East Memphis Office
999 S. Shady Grove Road
Suite 300
Memphis, Tennessee
38120-4126

Oxford MS Office
829 North Lamar Blvd, Suite 2
Oxford, Mississippi
38655-2858

Russell E. Reviere, Esq.
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147

RE: Pamela Hill, et al. vs. Old Navy, LLC, et al.

Dear Russell:

Enclosed please find a copy of the Complaint that we filed today in regards to the above-referenced matter.

Sincerely,

HARRIS SHELTON HANOVER WALSH, PLLC

J. Matthew Kirby

JMK/sld
Enclosure